## In re ASSESSMENT OF PROPERTY OF WESTERN LIGHT & POWER CORP.

No. 25120.    Sept. 11, 1934.

E. S. Ratliff, for appellant.

J. Berry King, Atty. Gen., F. M. Dudley, Asst. Atty. Gen., C. W. King, and A. L. Herr, for appellee.

ANDREWS, J. This is an appeal by a taxpayer from an order of the State Board of Equalization assessing property for taxation and denying the protest of the taxpayer of the taxable value placed thereon.

There are 16 assignments of error presented under five contentions. We do not consider it necessary to discuss them separately.

Under the provisions of chapter 66, art. 1, sec. 3, Session Laws 1931, the Oklahoma Tax Commission is authorized to make findings of fact and recommendations to the State Board of Equalization as to the value for taxation purposes of public service corporation property. The conferring of that authority upon the Oklahoma Tax Commission in no wise operated to defeat the right or change the duty of the State Board of Equalization to value the property of public service corporations for taxation purposes. The findings of fact and recommendations of the Oklahoma Tax Commission are in no wise binding upon the State Board of Equalization.

The fact that the valuation placed on the property by the State Board of Equalization is the same as that found by the Oklahoma Tax Commission is in no wise conclusive that the State Board of Equalization did not properly ascertain the value of the property assessed.

The record shows that the Oklahoma Tax Commission appeared before the State Board of Equalization for the purpose of supporting its findings as to the value. We know of no reason why it should not so appear, the question at issue before the State Board of Equalization being the taxable value of the taxpayer's property.

With reference to the valuation placed on the property, it appears from the record that an agent of the taxpayer stated before the Oklahoma Tax Commission that the fair cash value of the property in question was $440,-000. The Oklahoma Tax Commission found the value of the property for taxation purposes to be $255,916, which amount the State Board of Equalization reduced to $230,324. The assessment was made in that amount by the State Board of Equalization. The assessment having been made in a lesser amount than the admitted value of the property, the case comes squarely within the decisions hereinafter cited.

It is contended that the valuation placed on the property in question by the State Board of Equalization is a greater percentage of its actual value than the percentage of actual value placed on other property in the state for taxation purposes by the taxing officials of the state and that that plan was systematically and intentionally followed. The record does not support that contention. Section 22, art. 10, of the Constitution authorizes the classification of property for the purpose of taxation and the valuation of different classes by different means or methods. Under that provision it is not necessary that the property of public service corporations be valued at the same percentage of actual value as that placed on other classes of property.

Under the rule followed in this state, the tribunal charged with establishing the value of property for taxation must do so according to its best judgment and with honest purpose, there being no definite rule for arriving at the value of property for the purpose of taxation. In re Indian Territory Illuminating Oil Co., 43 Okla. 307, 142 P. 997. The controlling rule in this state is that, in

the absence of proof that property was assessed at more than its fair cash value, the assessment will not be disturbed. Travis v. Dickey, Co. Treas., et al., 96 Okla. 256, 222 P. 527; Sunday Lake Iron Co. v. Wakefield, 247 U. S. 350, 62 L. Ed. 1154. We have carefully examined the record in this case, and we find nothing to indicate that the property was assessed at more than its fair cash value.

The contention that the testimony of the witnesses for the taxpayer was not considered may be answered by the application of the rule stated in Re Assessment of Western Union Telegraph Co., 35 Okla. 626, 130 P. 565. See, also, In re Oklahoma Gas & Electric Co., 67 Okla. 301, 171 P. 26.

The prayer for relief is denied.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.