Ex parte BRINK.

No. 32072.    Dec. 18, 1945.

*162 P. 2d 604.*

J. Cal Counts, of Oklahoma City, for petitioner.

Dudley, Duvall & Dudley, of Oklahoma City, for respondents.

PER CURIAM. This is an original proceeding by the petitioner, Betty June Brink, the mother of Jerome Ben Brink, Jr., to obtain a writ of habeas corpus granting to the petitioner the possession and custody of a minor child.

Subsequent to the filing of the petition this court granted the writ and referred the matter to the Honorable Clarence Mills, Judge of the District Court of Oklahoma County, for considering and hearing.

On the 23rd day of November, 1945, Judge Mills concluded the hearing and made a written report of his findings of fact and conclusions of law, and therein concluded that the mother, the petitioner, should have the custody of said minor child. That said child is now properly being cared for in the home of the parents of the petitioner in Oklahoma City, and that said home is a fit and proper place for the said child.

The judge further found that during the proceedings it was intimated that the husband of the petitioner and father of said child might bring an action for the possession or custody of said child. That it is the information and belief of Judge Mills that the father of the said child is at the present time in military service, and that the right of the father, petitioner's husband, to bring any action necessary to determine this question should not be foreclosed.

This court hereby approves the report of the Honorable Clarence Mills, Judge of the District Court of Oklahoma County, to whom this matter was referred.

It is therefore ordered that the custody of the child be, and the same hereby is, established in the petitioner, the mother of the said child. It is the further order of this court that this direction as to custody shall not prevent the father of said child from appearing in any court of competent jurisdiction of the parties to determine the right to custody and possession of said minor child.

The writ is made permanent in ac-

cordance with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur.