McLOUD TELEPHONE COMPANY, an Oklahoma Corporation, Petitioner,

v.

STATE BOARD OF EQUALIZATION FOR the STATE OF OKLAHOMA, The Honorable George Nigh, Chairman, The Honorable Spencer Bernard, Member, The Honorable Leo Winters, Member, The Honorable Jack Craig, Member, and The Oklahoma Tax Commission, Respondents.

No. 58810.

Supreme Court of Oklahoma.

Dec. 16, 1982.

Rehearings Denied Dec. 29, 1982.

J. Lawrence Blankenship, Donna Cox, Oklahoma City, for Oklahoma Tax Com'n and State Bd. of Equalization.

Joe L. Heaton, Oklahoma City, J. Douglas Mann, Tulsa, for several independent school districts.

William Mundy, San Angelo, Tex., for Gen. Telephone Co. of the Southwest.

Sven Erik Holmes, Tulsa, for Public Service Co. of Oklahoma.

John A. Gaberino, Jr., Tulsa, for ONG, a div. of Oneok, Inc., ONG Western, Inc., ONG Sayre Storage Co., Ringwood Gathering Co., ONG Red Oak Transmission Co.

Harold Logsdon, Kingfisher, Ron Comingdeer, Bethany, for several telephone companies.

Alvin R. Leonard, Edward Lee, Oklahoma City, for McLoud Telephone Co.

William L. Anderson, Oklahoma City, for Allied Telephone Co. of Oklahoma, Oklahoma Allied Telephone Co., Southern Union Gas Co., Arkansas-Oklahoma Gas Corp., Arkansas-Louisiana Gas Co.

Linda Cole McGowan, Tulsa, for Transok Pipe Line Co.

William J. Free, Oklahoma City, for Southwestern Bell Telephone Co.

PER CURIAM:

Our original jurisdiction in this case was invoked (a) to invalidate the May 19, 1982 order by the State Board of Equalization [Board] assessing personal and real property of public service corporations at 26% of its 1982 valuation and (b) to mandate that the same assessment ratio (within the range of 9% to 15%) which was established in *State ex rel. Poulos v. State Board of*

*Equalization,* Okl., 646 P.2d 1269 [1982], for property subject to the fiscal jurisdiction of county assessors govern the Board in assessing the property of public service corporations. By our September 2 order jurisdiction was assumed and the case transferred to the District Court, Oklahoma County, for evidentiary proceedings to be followed by that court's findings of fact and conclusions of law.[1] The District Court (1) granted the original petitioner leave to withdraw as a party; (2) allowed certain entities leave to become "parties-plaintiff"; (3) permitted intervention by numerous entities claiming interest and standing in the case; (4) excised all fact issues by agreement of the parties; (5) limited the dispute to two questions of law; and (6) returned the case to this court for resolution of the two questions now before us. These are:

> "whether the Supreme Court should vacate the Order of the State Board of Equalization, May 19, 1982, assessing Petitioner's property at 26% of its fair cash value for 1982 ... and
>
> whether the Supreme Court should establish as a matter of law the assessed valuation for Petitioner's property for 1982 within the range of 9% to 15% established by the Court in *Poulos v. State Board of Equalization,* Okla., 646 P.2d 1269 (1982) ...."

Upon retransfer of the case, all the parties were afforded here a full opportunity to rebrief the issues before oral argument that was presented December 6, 1982.

On consideration of oral argument, the district court record and the briefs and paperwork here on file, the court concludes that *no* tenable legal ground exists for either nullifying the Board's May 19, 1982 order or commanding it to lower the assessment ratio for property of public service corporations to the range established by our opinion in *State ex rel. Poulos v. State Board of Equalization, supra,* for property that lies exclusively within the assessment jurisdiction of county assessors. The prerogative writ sought herein is accordingly denied, and petitioners are granted 10 days from the date hereof to seek rehearing. The court rests its decision upon the following conclusions of law:

## I.

■ The court must accord continued vitality to its prior holding that "it is not necessary that the property of public service corporations be valued at the same percentage of actual value as that placed on other classes of property." *In Re Assessment of Property of Western Light & Power Corporation,* 169 Okl. 53, 35 P.2d 946, 947 [1934].

## II.

■ Property subject to the assessment jurisdiction of the Board is unaffected by either *Cantrell*[2] or the *Poulos* trilogy.[3] There is *no* legal warrant for a judicial command that would require the Board to assess property of public service corporations at the very same ratio as that found to be appropriate for county assessors. Fundamental and statutory law both leave the Board free to determine the assessment ratio for property of public service corporations at any level less than 35%. Art. 10 § 21, Okl.Const.; 68 O.S.1981 §§ 2443–2455.

## III.

■ Property of public service corporations is constituted and recognized at least *implicitly,* if not also *explicitly,* as a distinct class for taxation purposes. Art. 10 § 21, Okl.Const.; 68 O.S.1981 §§ 2420, 2432, 2439, 2442, 2443, 2445–2452.

1. Application of *State ex rel. Dept. of Transp.,* Okl., 646 P.2d 605, 609 [1982] and *Ex parte Brink,* 196 Okl. 361, 162 P.2d 604 [1945].

2. *Cantrell v. Sanders,* Okl., 610 P.2d 227 [1980].

3. *State of Okl. ex rel. Poulos v. State Board of Equalization,* Okl., 552 P.2d 1134 [1975]; *State of Okl. ex rel. Poulos v. State Board of Equalization,* Okl., 552 P.2d 1138 [1975]; *State ex rel. Poulos v. State Board of Equalization,* Okl., 646 P.2d 1269 [1982].

## IV.

 The law's recognition of public service property as a distinct category for taxation purposes does not create a constitutionally impermissible classification based on ownership rather than use. Oklahoma has "large leeway in making classifications and drawing lines which in ... [her] judgment produce reasonable systems of taxation." A state tax law is not arbitrary even though it may discriminate against a class if the discrimination is founded upon a reasonable distinction or difference in state policy. The 14th Amendment's Due Process and Equal Protection clauses do not impose an iron-clad rule of equality which prohibits the flexibility and variety that are appropriate to schemes of taxation. *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 359, 93 S.Ct. 1001, 1003, 35 L.Ed.2d 351 [1973] and *Kahn v. Shevin,* 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 [1974].

## V.

### SUMMARY

There is no infirmity in the challenged Board order of May 19, 1982.

WRIT DENIED.

IRWIN, C.J., BARNES, V.C.J., LAVENDER, SIMMS, DOOLIN, HARGRAVE, OPALA and WILSON, JJ., and CORNISH, Special Justice, concur.

After HODGES, J., certified his disqualification, the Chief Justice assigned Judge Tom Cornish to sit as special justice in this case.