Dear Senator Jim Dunlap,
¶ 0 This office has received your letter requesting an official Opinion addressing, in effect, the following question:
By granting an estate tax exemption if any portion of the netestate of a decedent passes to the father, mother, child, childof husband or wife, adopted child or any lineal descendent of adecedent but not to collateral heirs, does Section 809 of Title68 violate the Equal Protection Clause of theFourteenth Amendment to the United States Constitution?
¶ 1 Section 809 of Title 68 grants an estate tax exemption to estates passing to a decedent's father, mother, child, child of husband or wife, adopted child or any lineal descendent of a decedent or of such adopted children. No such exemption is provided for estates which pass to collateral[1] heirs.
¶ 2 Your question challenges the constitutionality of the estate tax exemption structure. Before analyzing the law it should be noted that the Oklahoma Supreme Court has consistently held that legislative enactments are presumed to be constitutional and will be upheld unless "clearly, palpably, and plainly inconsistent with the Constitution." Kimery v. PublicService Company, 622 P.2d 1066, 1069 (Okla. 1980). Whenever possible statutes should be construed so as to uphold their constitutionality. City of Norman v. Liddell, 596 P.2d 879, 882
(Okla. 1979). Therefore, 68 O.S. Supp. 1998, § 809[68-809], must be presumed constitutional unless it clearly violates a constitutional provision.
¶ 3 The Equal Protection Clause of the United States Constitution requires that no state "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Our inquiry, then, is whether a State estate tax statute which grants a tax benefit to estates passing to one class of heirs is invalid because it does not grant the same benefit to estates passing to a different class of heirs.
¶ 4 The United States Supreme Court has held on several occasions that states have "broad latitude in creating classifications and distinctions in tax statutes." Regan v.Taxation with Representation, 461 U.S. 540, 547 (1983). In addition, the Oklahoma Supreme Court has stated that the "14th Amendment's Due Process and Equal Protection clauses do not impose an iron-clad rule of equality which prohibits the flexibility and variety that are appropriate to schemes of taxation." McLoud Telephone Company v. State Board ofEqualization, 655 P.2d 1037, 1040 (Okla. 1982). In 1994 the Oklahoma Supreme Court in Williams Natural Gas Company v. StateBoard of Equalization, 891 P.2d 1219 (Okla. 1994) upheld the State Board's adoption of nonuniform tax assessment ratios for companies within the public service class. The Court ruled that the Legislature had created a sub-class and analyzed that act against an Equal Protection challenge. The following quote appears at page 1222:
 Unless a classification "jeopardizes exercise of a fundamental right" or it "characterizes based upon an inherently suspect characteristic," the Equal Protection Clause requires only that the classification "rationally furthers a legitimate state interest. This standard is especially deferential in the context of classifications made by complex tax laws."
Id. citing Nordlinger v. Hahn, 505 U.S. 1, 11 (1992) (citing Cleburne v. Cleburne Living Center, 473 U.S. 432,439-441 (1985)).
¶ 5 It is clear that Equal Protection challenges to State tax laws are reviewed with a relaxed rational basis standard unless there is a fundamental right or inherently suspect characteristic involved. There is no inherently suspect characteristic, such as race or religious affiliation, or fundamental right, such as the right to vote, implicated in the present situation. In applying the "relaxed" rational basis standard to the situation at hand, it is easy to conceive a legitimate reason for the law's different treatment for estates which pass to certain types of heirs. Section 809 does not state the purpose for granting an exemption to lineal but not collateral heirs. The Legislature may have wished to encourage decedents to keep their money within the family unit. Further, by granting the exemption to the most direct heirs it is possible that the Legislature intended to relieve from taxation those heirs most likely to have relied on the decedent for their support. Given the fact that there is justification for the law's different treatment of lineal as opposed to collateral heirs, and the deferential standard of review found in the case law, it cannot be concluded that 68O.S. Supp. 1998, § 809[68-809] is contrary to the Equal Protection guarantees found in the United States Constitution.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Title 68 O.S. Supp. 1998, § 809[68-809], which grants an exemptionfrom estate tax to those estates wherein a portion of the estatepasses to the father, mother, child, child of husband or wife,adopted child or any lineal descendant of a decedent but not tocollateral heirs, does not violate the Equal Protection Clause ofthe Fourteenth Amendment to the United States Constitution.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] "[P]ersons who do not descend from one another, but spring from a common ancestor." 84 O.S. 1991, § 218[84-218].