2001 OK 116

**In the Matter of the Assessment for the Year 2000 of Certain Property Owned by ONEOK FIELD SERVICES GATHER-ING, LLC.**

No. 95,776.

Supreme Court of Oklahoma.

Dec. 18, 2001.

As Corrected Dec. 28, 2001.

Mart Tisdal, Clinton, OK, for appellants.

William K. Elias and Freda L. Williams, Oklahoma City, OK, for appellee.

Scott D. Caldwell and Julie L. Vogt, Oklahoma City, OK, for Oklahoma State School Board Association, amicus curiae.

Chris J. Collins and Michael L. Carr, Oklahoma City, OK, for Association of County Commissioners, amicus curiae.

Michael E. Smith, Sharon Taylor Thomas and Rand Phipps, Oklahoma City, OK, for Mid–Continent Oil & Gas Association, amicus curiae.

BOUDREAU, Justice.

¶ 1 This is an appeal from an order of the district court reducing the ad valorem tax valuation of the personal property of Oneok Field Services Gathering, LLC, in Washita County, Oklahoma, for the 2000 tax year. A statutory construction issue is presented: Has the Legislature classified pipeline rights of way as real property or personal property for assessment by a county assessor? We conclude that for purposes of ad valorem tax assessment by a county assessor, pipeline rights of way are within the statutory definition of real property. We hold the district court did not err in granting summary judgment on this issue in favor of Oneok Field Services, LLC.

## I. Background

¶ 2 Oneok Field Services Gathering, LLC, (Oneok), is in the business of gathering natural gas. Oneok has a natural gas pipeline gathering system in Washita County. For the 2000 tax year, Oneok submitted sworn

schedules of its business personal property to the Washita County Assessor (county assessor).[1] The county assessor, using the cost approach, estimated a fair cash value for Oneok's natural gas pipeline gathering system to be $2,711,847.00. In arriving at this valuation, the county assessor included $347,210.00 for the pipeline rights of way as a cost of construction. The county assessor classified Oneok's property as personal property.[2]

¶3 Oneok protested the valuation before the county assessor and then the Washita County Board of Equalization (county board).[3] In its protest, Oneok alleged that "right of way value should not be on the assessment for personal property." The county board rejected Oneok's protest and sustained the county assessor's personal property valuation for Oneok's pipeline gathering system.

¶4 Oneok appealed to the District Court in Washita County, Oklahoma.[4] Its petition alleged that:

The $2,711,847 valuation ... is in excess of the actual fair market value of the subject property for the reason that such value includes $347,210 ($2.00 per foot of gathering line) for value attributable to rights-of-way.

The valuation recommended by the County Assessor and affirmed by the Board is erroneous as a matter of law to the extent that the Board's valuation taxes right-of-way as personal property. Under Oklahoma law, right-of-way is an interest in real property taxable to the fee owner. It

is not taxable as personal property. As a result, the determination of the fair market value for the property by the County Assessor and the Board is arbitrary, excessive, and fails to take into account the actual value and situation of the subject property.

The county assessor denied that she failed to used a proper methodology in determining fair cash value or that her valuation was arbitrary and excessive.

¶5 Oneok moved for summary judgment arguing that the Legislature has not classified pipeline rights of way as personal property for ad valorem tax purposes; and, that pipeline rights of way constitute interests in real property taxable to the fee owner. The district court granted summary judgment, finding there was no substantial controversy as to any material fact and concluding that rights of way are interests in real property as defined in 68 O.S.1991, 2806 and that under Oklahoma law, all interests in real property are taxed to the fee owner. The judgment ordered that the fair cash value of Oneok's natural gas gathering system be reduced by $347,210.00. The district court denied the county's motion for new trial.

¶6 The county timely commenced appeal to this Court asserting that the district court erroneously held that pipeline rights of way are not taxable ad valorem. The county also raised questions as to whether there is any evidence establishing that the county assessor's valuation exceeds Oneok's fair cash value or that the valuation should be reduced by

1. Oneok's sworn schedules of its property in Washita County are not included in the record on appeal. In the filings in this Court, Oneok said it used the schedule for business personal property. Apparently, it did not use the schedules for pipelines under 68 O.S.1991, 2851, even though 68 O.S.1991, 2838 provides that locally-assessed corporations, other than banks, shall return sworn lists or schedules of taxable property within each county, itemizing their property in the same manner and to the same extent as required by railroads, air carriers and public service corporations. However, the county assessor has not raised any issue regarding the sworn schedules filed by Oneok.

2. 68 O.S.1991, 2837 requires the county assessor to assess the real and personal property as listed separately; and, 68 O.S.Supp.2000, 2867 re-

quires the county assessor to make assessments of property under each classification and prepare an abstract of the assessment showing separately the valuations of all 1) personal property, 2) real property, 3) railroad and air carrier property, and 4) public service corporation property in each municipality.

This opinion references the most recent codification of the applicable statutory language.

3. 68 O.S.1991, 2876 (D) and (F).

4. 68 O.S.1991, 2880.1. Pursuant to § 2880.1(C), a taxpayer or a county assessor aggrieved by any order of a county board of equalization may appeal to the district court where the trial on the issues of law or fact, or both, shall be de novo.

$347,210.00. We, *sua sponte*, retained the appeal.

## II. Standard of Review

¶ 7 Oneok's appeal to the district court raised a first impression issue as to whether the Legislature classified pipeline rights of way as personal property for purposes of ad valorem taxation. The definitions of real property and personal property set forth in the ad valorem tax statutes are critical to the resolution of this issue. Because the meaning of statutory language is a pure issue of law and because the trial court's disposition was effected by summary judgment, the issue stands before us for *de novo* review.[5] In a *de novo* review, we have plenary, independent and non-deferential authority to determine whether the trial court erred in its application of the law.[6]

## III. Taxable status of Oneok's pipeline rights of way under the existing statutory taxing scheme

¶ 8 The power to tax is an exclusively legislative function that can be exercised only under statutory authority and in the manner provided by law.[7] Subject only

to constitutional restrictions[8] and the will of the people expressed through elections, the Legislature has plenary power in regard to taxation.[9]

¶ 9 Our state constitution provides that "(a)ll property which may be taxed ad valorem shall be assessed at its fair cash value".[10] The tax is based on the value of the property as of January 1st of each year.[11] The value of the property is the price at which a willing buyer would buy property and a willing seller would sell property if both parties are knowledgeable about the property and its uses.[12] The county assessor estimates this fair cash value by making a market appraisal[13] and calculates the assessed value by multiplying the estimated fair cash value by the assessment ratio.[14]

¶ 10 Within constitutional limitations, the Legislature has power to classify property for purposes of taxation. The Legislature may arrange and divide the various subjects of taxation into distinct classes and it may exercise wide discretion in selecting and classifying the subjects of taxation.[15] The manner in which the Legislature defines property classes for ad valorem tax purposes is not constrained by the common law.[16] Be-

5. *Manley v. Brown*, 1999 OK 79, 989 P.2d 448, 455.

6. *Id.*

7. *In Re Indian Territory Illuminating Oil Co.*, 1914 OK 261, 43 Okla. 307, 142 P. 997.

8. *Oklahoma Industries Authority v. Barnes*, 1988 OK 98, 769 P.2d 115, 117.

9. *In Re Indian Territory Illuminating Oil Co.*, *supra*.

10. Okla. Const., art. 10, § 8.

11. 68 O.S.Supp.2000, 2817.

12. 68 O.S.Supp.2000, 2802 (18).

13. In 1988, the Legislature overhauled our ad valorem tax statutes, modernizing the valuation process and assuring greater statewide uniformity. 1988 Okla. Sess. Laws, ch. 162. In furtherance of the mandate in the Okla. Const., art. 10, § 8, that property must be assessed on its fair cash value, the reform legislation expressly defined valuation methodologies to be utilized to estimate fair cash value. 68 O.S.Supp.2000, 2802 (18) defines "fair cash value" in terms of the willing buyer/willing seller value; § 2802(14) defines "cost approach" as a method to establish fair cash value using the current construction cost of improvements, subtracting accrued depreciation and adding the value of the land; § 2802(20) defines "income and expense approach" as a method using the present value of the projected income stream; and § 2802(25) defines "sales comparison approach" as a method using sales information of comparable properties.

14. Okla. Const., art. 10, § 8, provides the ranges of assessment percentages.

15. *Personal Loan & Finance Co. v. Oklahoma Tax Commission*, 1968 OK 11, 437 P.2d 1015. Pursuant to the Okla. Const., art. 10, § 22, the Legislature, at 68 O.S.Supp.2000, 2803 (A), classified property into five types or classes:

1) real property,
2) personal property,
3) personal property exempted pursuant to Okla. Const., art. 10, § 6(b),
4) public service corporation property, and
5) railroad and air carrier property.

16. *Oliver v. City of Tulsa*, 1982 OK 121, ¶ 19, 654 P.2d 607, 611.

cause the power to classify for tax purposes is vested in the Legislature, courts will not interfere with legislative classifications and definitions for purposes of ad valorem taxation in the absence of constitutional transgression in classifying the property to be taxed.[17]

¶ 11 The controversy in this case relates to the character of pipeline rights of way for purposes of assessment by the county assessor, i.e., whether they should be taxed as real or personal property. This controversy must be resolved by determining whether pipeline rights of way generally have the important characteristics which distinguish the interests described by the tax statutes to be applied. Oklahoma has two tax statutes which define the general terms "real property" and "personal property". *Neither specifically refers to pipeline rights of way.*

¶ 12 Defining "real property," 68 O.S.1991, 2806 provides:

Real property, for the purpose of ad valorem taxation, shall be construed to mean the land itself, and all rights and privileges thereto belonging or in any wise appertaining, such as permanent irrigation, or any other right or privilege that adds value to real property, and all mines, minerals, quarries and trees on or under the same, and all buildings, structures and im-

provements or other fixtures, including but not limited to improvements such as barns, bins or cattle pens, or other improvements or fixtures of whatsoever kind thereon, exclusive of such machinery and fixtures on the same as are, for the purpose of ad valorem taxation, defined as personal property.

¶ 13 Defining "personal property," 68 O.S.Supp.2000, 2807 provides in part:

Personal property, for the purpose of ad valorem taxation, shall be construed to include:

. . . .

12. a. All tanks and containers used to store or hold crude oil or any of its products or byproducts and all tanks and containers used to store or hold gasoline, water, or other liquids or gases,

b. All oil, gas, water or *other pipelines*,

c. All telegraph and telephone lines,

d. All railroad tracks,

e. All oil and petroleum products in storage; and

13. All other property, having an actual, constructive or taxable situs in this state, and not included within the definition of real property.[18]

**17.** *Stanolind Crude Oil Purchasing Co. v. State Board of Equalization,* 1935 OK 833, 174 Okla. 320, 49 P.2d 1089; and *Board of Commissioners of Oklahoma County v. Ryan,* 1924 Okla. 1075, 107 Okla. 278, 232 P. 834.

**18.** The full text of 68 O.S.Supp.2000, 2807 reads:
Personal property, for the purpose of ad valorem taxation, shall be construed to include:
1. All goods, chattels and effects;
2. All improvements made by others upon lands, the fee of which is vested in the United States or this state; all improvements, including elevators and other structures, upon lands, the title to which is vested in any railway company or other corporation whose property is not subject to the same mode and rule of taxation as other property; and all improvements on leased lands that do not become a part of the realty;
3. The dormant, and other stock of nurserymen, including all trees, shrubs and plants that have been dug and placed in bins or storage, and are ready for sale. The trees, shrubs or plants of a nurseryman shall be "growing crops" within the meaning of Section 6 of

Article X of the Oklahoma Constitution and exempt from ad valorem taxation, if such trees, shrubs or plants are grown upon the premises of the nurseryman, removed from the earth on such premises prior to any preparation for resale, and if such trees, shrubs or plants are held for resale in a manner that will permit the continued growth or development of the tree, shrub or plant;
4. All horses, cattle, mules, asses, sheep, swine, goats and other livestock including poultry, and commercially raised livestock including but not limited to animals of the families bovidae, cervidae and antilocapridae or birds of the ratite group. Such livestock or poultry having a speculative value, by reason of the fact that the same is subject to registration in some recognized association, shall be assessed on the market value as though the same had no speculative value;
5. All household furniture, including gold and silver plate, musical instruments, watches and jewelry;
6. Personal, private or professional libraries;
7. All wagons, vehicles or carriages and all farm tractors, implements or machinery apper-

¶ 14 Oneok argues that pipeline rights of way cannot be taxed as personal property because they fall within the definition of real property. Oneok maintains that the Legislature defined real property in § 2806 as not only the land itself and any right or privilege that adds value to real property, but "all rights and privileges thereto belonging or in any wise appertaining" to the land itself. Oneok contends that pipeline rights of way fall within this latter category of real property for purposes of ad valorem taxation. Oneok points out that § 2807(13) expressly excludes from the definition of personal property all property included within the definition of real property.

¶ 15 The county assessor asserts that pipeline rights of way are personal property for ad valorem taxation. The county assessor points out that oil and gas pipelines are unambiguously defined as personal property under § 2807(12)(b). Accordingly, the assessor argues that all pipeline components, including the value attributable to pipeline rights of way, are taxable as personal property.

¶ 16 Clearly the types of interests which we here consider, interests arising from pipeline rights of way, are interests in land.[19] They entitle the owner to a specific limited enjoyment in land owned by another.[20] However, an interest in land may be classified as real property or as personal property. The common law basis for distinguishing interests in land from other interests lies in the now-obsolete feudal land-law concept of an estate in land.[21] If the interest is for life or has the possibility of enduring perpetually, it is freehold in character and accordingly classified as real property.[22] If the interest in land is less than a freehold, such as that which is granted for a term of years, it is but a termor's chattel real which is not a true estate in land.[23]

¶ 17 Although we cannot determine from the record on summary judgment the duration of the pipeline rights of way, this inability does not prevent us from deciding this controversy. The Legislature is not constrained within the straitjacket of common law concepts in classifying a particular interest as realty or personalty for tax purposes.[24] It resides within the power of the Legisla-

taining to agricultural labor; and all types of motors, feed grinders, pumps for irrigation and other irrigation equipment;

8. All machinery and materials used by manufacturers, and all manufactured articles, including all machinery and equipment of cotton gins, cottonseed oil mills, newspaper and printing plants, refineries, gasoline plants, flour and grain mills and elevators, bakeries, ice plants, laundries, automobile assembly plants, repair shops, breweries, radio broadcasting stations, tractors, graders, road machinery and equipment, and all other similar or related plants or industries;

9. All goods and capital employed in merchandising;

10. All abstractors' books and the records contained therein; and equipment and all other personal property and records and files of mercantile credit reporting organizations;

11. All agricultural implements or machinery, goods, wares, merchandise, or other chattels, in this state, in possession of, or under the control of, or held for sale by, any warehouseman, agent, factor or representative in any capacity of any manufacturer, or any dealer or agent of any such manufacturer;

12. a. All tanks and containers used to store or hold crude oil or any of its products or byproducts and all tanks and containers used to store or hold gasoline, water, or other liquids or gases,

b. All oil, gas, water or other pipelines,

c. All telegraph and telephone lines,

d. All railroad tracks,

e. All oil and petroleum products in storage; and

13. All other property, having an actual, constructive or taxable situs in this state, and not included within the definition of real property.

19. *Hinds v. Phillips Petroleum Company,* 1979 OK 22, 591 P.2d 697.

20. *Story v. Hefner,* 1975 OK 115, 540 P.2d at 565, 566.

21. *Hinds v. Phillips Petroleum Company,* 591 P.2d at 698–699.

22. *Id.* at 698.

23. *Oklahoma Railway Co. v. Severns Paving Co.,* 1917 OK 488, 67 Okla. 206, 170 P. 216, 219; 1 Powell on Real Property, § 98 (Matthew Bender). See also, 60 O.S.1991, 26, providing that estates in real property for life are freeholds and estates for years are chattels real.

24. *Oliver v. City of Tulsa,* 1982 OK 121, ¶ 19, 654 P.2d 607, 611.

ture to depart from the common law classification of property for purposes of ad valorem taxation. Our review of § 2806 leads us to conclude that the Legislature intended to depart, in part, from the common law by defining real property in § 2806 sufficiently broad enough to include a pipeline right of way whether freehold or for a term of years.

¶ 18 The Legislature has defined real property in § 2806 as not only the land itself but also "all rights and privileges thereto belonging or in any wise appertaining" to the land itself. The word appertaining has been defined alternately as "connected with in use or occupancy" [25] or "something used in connection with".[26] Under either definition, a pipeline right of way, whether freehold or for a term of years, is a right "appertaining" to the land that it burdens.

¶ 19 In an effort to demonstrate that pipeline rights of way are not encompassed within the Legislature's definition of real property, the county assessor argues that the language "all rights and privileges thereto belonging or in any wise appertaining" as used in § 2806 is qualified by the subsequent language "or any other right or privilege that adds value to the land". The county assessor maintains that because pipeline rights of way burden the land they traverse, they are neither rights or privileges belonging to the land nor appurtenant to the land.

¶ 20 We disagree. The use of the word "or" in the definition introduces another, independent category of interests included in real property, "or any other right or privilege that adds value to the land". As used in § 2806, the word "or" does not introduce a

subordinate general qualification to the category of "all rights and privileges thereto belonging or in any wise appertaining". Stated otherwise, the fact that pipeline rights of way do not add value to the land does not exclude them from the legislatively designed definition of real property in § 2806.

¶ 21 In summary, Oneok's pipeline rights of way are rights and privileges appertaining to the land and fall within the class of real property for purposes of ad valorem taxation. Because they fall within the definition of real property, they cannot qualify as personal property under the terms of § 2807.[27]

**IV. In the absence of a statute providing otherwise, the various interests which may be held in realty are not severable for the purposes of taxation**

¶ 22 The county assessor argues that even if pipeline rights of way fall within the statutory definition of real property, they should be taxed separate from the fee. As legal support, the county assessor relies upon *Gulf Refining Company v. Jenkins.*[28] The *Gulf Refining* case is readily distinguishable. The issue in *Gulf Refining* was whether a resale tax deed conveying the fee extinguished the pipeline right of way of a public service corporation. *Gulf Refining* concluded that the pipeline right of way was not affected by the resale tax deed because Gulf, as a public service corporation, reported its taxable property, including its rights of way, to the State Board of Equalization for assessment.

¶ 23 By suggesting that pipeline rights of way should be taxed separately from the fee, the county assessor is asking us to overrule a line of cases beginning with *Indian Territory*

**25.** Black's Law Dictionary, 6th ed.1990; Bouvier's Law Dictionary, 3rd Revision (8th ed.).

**26.** *McVeety v. Hayes*, 191 P. 401, 111 Wash. 457 (1920).

**27.** The county assessor argues that it is immaterial that pipeline rights of way are not expressly included in the definition of personal property because § 2851 identifies pipeline rights of way for purposes of ad valorem taxation. In that statute, the Legislature expressly provided that pipeline companies must report their rights of way to the Oklahoma Tax Commission. 68 O.S. 1991, 2851. Public service corporations report

their property to the Oklahoma Tax Commission for assessment by the State Board of Equalization. 68 O.S.Supp.2000, 2847 and 2848. Public service corporation property is a distinct classification of property for ad valorem tax purposes. *McLoud Telephone Company v. State Board of Equalization*, 1982 OK 154, 655 P.2d 1037. In the absence of explicit provision from the Legislature, the treatment of a public service corporation's pipeline rights of way does not extend to similarly used property subject to assessment by a county assessor. *Id.*

**28.** 1944 OK 227, 151 P.2d 419.

*Illuminating Oil Co.,* holding that in the absence of a statute providing otherwise, the various interests which may be held in realty are not severable for the purposes of taxation.[29] In effect, the county assessor is calling for a change in the statutory taxing scheme that would permit the assessment to be made against the holder of the pipeline right of way instead of the fee owner of record. This cannot be done.

¶ 24 The county assessor also contends that pipeline rights of way can be of tremendous market value, but add nothing to the value of the fee. The county assessor asserts that a pipeline right of way is a benefit to the pipeline and a detriment to the fee. The county assessor argues that unless the pipeline right of way is taxed to the holder, it will effectively escape taxation.

¶ 25 This is the same argument offered by the county in *Oklahoma Industries Authority v. Barnes.* This Court dismissed that argument stating: [30]

While a lessee's possessory interest may doubtless be a valuable species of property, its characterization as an asset of great market value does not transform that interest, absent some statutory authority, into a separate legal estate that is subject to taxation. To be taxable, an interest in real property must fall within an established legislative classification. (Footnote omitted.)

 ¶ 26 The county assessor also points to the statute which provides that all property which is not exempted is subject to tax.[31] While this Court may not ignore the manifest purpose of the law to tax all property not exempted, where a statute does not fairly include pipeline rights of way as subject to tax, the manifest purpose to tax all property cannot be relied upon by the judiciary to tax that property in a manner not authorized by law.[32] This is a matter for the Legislature if,

in its view, pipeline rights of way are a species of property escaping taxation.

## V. Conclusion

¶ 27 In defining the types and kinds of property subject to assessment by a county assessor, the Legislature has classified pipeline rights of way as real property. In the absence of a statute providing otherwise, the various interests which may be held in real property are not severable for the purpose of ad valorem tax assessment by a county assessor. The county assessor has no authority to assess pipeline rights of way as personal property. We hold the district court did not err in granting summary judgment on this issue in favor of Oneok Field Services, LLC.

**SUMMARY JUDGMENT AFFIRMED.**

¶ 28 HARGRAVE, C.J., WATT, V.C.J., and HODGES, LAVENDER, OPALA, SUMMERS, and WINCHESTER, JJ., concur.

¶ 29 KAUGER, J., concurs in result.

KAUGER, J. concurring in result.

¶ 1 Although the majority invites the Legislature to alter the statutory definitions to avoid the loss of revenue from failure to tax the pipeline rights of way, it provides no context for consideration of the issue. I write separately because without the history concerning the manner in which pipeline rights of way have generally been assessed, the Legislature cannot make an informed decision to leave in place or to revise the taxation scheme.

¶ 2 I agree with the majority that in defining real property for taxation purposes, the definition utilized by the Legislature is sufficiently broad to include a pipeline right of way. Nevertheless, were the definition of real property found in 68 O.S. Supp.1992 § 2806 [1] less fluid, the facts surrounding the

---

29. *In re Indian Territory Illuminating Oil Co., 142 P.* at 997, *Syllabus by the Court.*

30. *Oklahoma Industries Authority v. Barnes, 769 P.2d* at 118.

31. 68 O.S.1991, 2801.

32. *Oklahoma Industries Authority v. Barnes, 769 P.2d* at 117.

1. Title 68 O.S. Supp.1992 § 2806 provides:

"Real property, for the purpose of ad valorem taxation, shall be construed to mean the land itself, and all rights and privileges thereto be-

cause would lead to the conclusion that the Legislature's failure to include pipeline rights of way in § 2807's definition of personal property[2] was merely a lacuna—a gap in the law[3]—utilized by public service corporations[4] in association with a finding in an unpublished Court of Civil Appeals opinion[5] to avoid assessment on pipeline right of way properties by the State Board of Equalization.

¶3 We arrive at the point we find ourselves today via an unpublished Court of Civil Appeals opinion promulgated on April 5, 1996—*Texaco Exploration & Prod., Inc. v. State Bd. of Equalization*, No. 85,256 (1996) *cert. denied.* The sole issue considered in the cause was whether Texaco Exploration was a public service corporation for purposes of ad valorem taxation under 68 O.S.1991 § 2808.[6] Finding that Texaco Exploration was not a public service corporation, the appellate court determined that Texaco Exploration should be assessed by local county assessors rather than by the State Board of Equalization.

¶4 Before 1994, Texaco Exploration, a subsidiary of Texaco, Inc., was locally assessed. However, in 1994, the Oklahoma Tax Commission learned that Texaco Exploration owned and was operating gas gathering pipelines. Determining that Texaco Exploration was a public service corporation, the Tax Commission ordered Texaco Exploration to file reports for the purpose of central assessment. The Tax Commission recommended a value to the State Board of Equalization which was certified for central assessment. Texaco Exploration filed an action for declaratory and injunctive relief asserting that it was not a public corporation subject to assessment by the State Board of Equalization. Both the trial court and the Court of Civil Appeals agreed and county assessors were left with the responsibility of assessing property owned by the gas gathering companies.

¶5 The Legislature apparently recognized that the *Texaco Exploration* ruling had the potential of causing some confusion as to

---

longing or in any wise appertaining, such as permanent irrigation, or any other right or privilege that adds value to real property, and all mines, minerals, quarries and trees on or under the same, and all buildings, structures and improvements or other fixtures, including but not limited to improvements such as barns, bins or cattle pens, or other improvements or fixtures of whatsoever kind thereon, exclusive of such machinery and fixtures on the same as are, for the purpose of ad valorem taxation, defined as personal property."

2. Title 68 O.S. Supp.1995 § 2807 provides in pertinent part:

"Personal property, for the purpose of ad valorem taxation, shall be construed to include: ... 12 ... b. All oil, gas, water or other pipelines ...
13. All other property, having an actual, constructive or taxable situs in this state, and not included within the definition of real property."

3. *City of Oklahoma City v. Oklahoma Tax Comm'n*, 1990 OK 27, ¶10, 789 P.2d 1287; *State v. Goforth*, 1989 OK 37, ¶9, 772 P.2d 911; *Maule v. Independent School Dist. No. 9*, 1985 OK 110, ¶11, 714 P.2d 198; R. Aldisert, "Hard Core Judicial Process Problems Facing Judges in the 80's", p. 34 (1982).

4. Title 68 O.S. Supp.1997 § 2808 provides in pertinent part:

"A. As used in the Ad Valorem Tax Code:
1. 'Public service corporation' means all transportation companies, transmission companies, all gas, electric, light, heat and power companies and all waterworks and water power companies, and all persons authorized to exercise the right of eminent domain or to use or occupy any right-of-way, street, alley, or public highway, along, over or under the same in a manner not permitted to the general public;
... C. Any real or personal property used by any company, corporation, trustee, receiver, or other person owning, leasing, or operating for hire any pipeline or oil or gas gathering system which was assessed by the State Board of Equalization after January 1, 1997, shall continue to be assessed by the State Board of Equalization through ad valorem tax year 1998."

5. Texaco *Exploration & Prod., Inc. v. State Bd. of Equalization,* No. 85,256 (1996), *cert. denied.* Court of Civil Appeal opinions not ordered for publication by this Court are persuasive only and have no precedential effect. Rule 1.200, Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App. 1.

6. Although the Legislature has amended § 2808 of title 68 twice since it's consideration in *Texaco Exploration & Prod., Inc. v. State Bd. of Equalization,* see note 5, supra, its provisions are substantially similar to the current version of the statute,

what properties should be taxed centrally by the State Board or locally by county assessors. The Court of Civil Appeals opinion issued on April 5, 1996. Thereafter, the Legislature amended the statute relating to assessments for public service corporations to provide that any gas gathering system assessed by the State Board of Equalization after January 1, 1997, would continue to be assessed by the State Board through ad valorem tax year 1998.[7] The amendment created a status quo—all pipeline gathering companies subject to central assessment as public service corporations maintained that status through the 1998 tax year. Because the State Board of Equalization is required to assess "**all property** ... of public service corporations"[8] for certification to the State Auditor and Inspector, it would make no difference whether the rights of way associated with pipelines were real or personal interests, they remained taxable properties.[9] Once certified by the Auditor and Inspector to the county assessor, the assessments are entered on the county tax roll.[10]

¶ 6 Following the *Texaco Exploration* ruling, it appears that public service corporations like Oklahoma Natural Gas began to spin off gathering companies similar to the appellee, Oneok Field Services Gathering, LLC [Oneok]. These gathering companies then began to take advantage of scheduling their property under the personal property statutes, omitting the value of rights of way on the basis that they were real property interests taxable to the fee owner. Because these gathering companies were not considered public service corporations, they were no longer required to schedule "all"[11] property interests for assessment as public service corporation property.

¶ 7 Presumably in an attempt to maintain their local tax base, county assessors hired consulting firms to assist in the valuation of the gathering companies' property. The methodologies recommended by these consultants provided for the addition of $2.00 per foot of pipe as value attributable to the right of way.[12]

¶ 8 Today, the bottom-line-result of the majority decision is that property which was

see note 4, supra. Therefore, references are to the current statute.

7. Title 68 O.S. Supp.1997 § 2808 (C), see note 4, supra.

8. Title 68 O.S. Supp.1995 § 2860 provides:
"A. The State Board of Equalization, after having assessed all property of railroads, air carriers and public service corporations in this state according to the provisions of the Ad Valorem Tax Code, shall cause the assessed valuations to be certified by the State Auditor and Inspector to the county assessors of each county in which any portion of the property of any such railroad, air carrier or public service corporation may be located. Such certificates of assessment shall show the various portions of the property of such corporations located and taxable in each county, and in every city, town, school district or other municipal subdivision thereof, and shall include a full statement of all property of such corporations located in each of the said several subdivision, together with the assessed value thereof. Said valuations shall be certified by the State Auditor and Inspector to the assessors of the several counties wherein such property is located on or before July 31 of each year.
B. The county assessor shall enter on his assessment roll in its appropriate place the assessed valuation of each railroad, air carrier and public service corporation, and at the proper time, place such assessment on the

proper tax roll of his county, subject to the levies as provided by law."

9. Pipeline companies are specifically required to schedule rights of way to the Oklahoma Tax Commission in Oklahoma. Title 68 O.S. Supp. 1992 § 2851 provides in pertinent part:
"Each pipeline company doing business in this state shall return to the Oklahoma Tax Commission a sworn statement or schedule as follows:
1. The right-of-way and main line ...
5. A correct detailed statement of all other personal property, including oil in storage, and giving the location thereof."

10. Title 68 O.S. Supp.1995 § 2860, see note 8, supra.

11. Title 68 O.S. Supp.1995 § 2860, see note 8, supra.

12. Transcript of proceedings, October 5, 2000, providing in pertinent part at pp. 3–4:
[argument of counsel] "... What has happened is in the past year or so certain counties have hired a consulting firm to assist them in valuing the personal property of gas gathering companies. One of the methodologies used by that consulting firm which is VLS— that's the name of the first—is to add two dollars per foot of pipe as value attributable to right-of-way...."

once assessed on the state level by the State Board of Equalization, i.e. rights of way as property of a public service corporation, will not be taxed to the gathering companies which have spun off from their parent corporations. Instead, the value of these rights of way will be omitted from the gathering companies' tax schedules and will be taxed as real property interests of the fee owner. No one contends that the rights of way add any value to the real property interests. Public service corporations will get an indirect tax break while the counties suffer a tax loss. The result is supported by the current statutory scheme. It is for the Legislature to determine whether the scheme should be altered.